IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID WALKER,

  Plaintiff,

vs.             CIVIL ACTION NO.: CV605-128

HUGH SMITH; ROBERT MADDISON,
JR.; MICHAEL MOMENT; CERT
Officer PARKS; Officer KUTONYA
DIXON KING; Lt. SAUNDERS;
Lt. BOYETT; ERIC HEMPHILL;
JIMMY KENNEDY; GLENN
STRICKLAND; MICHAEL EVENS;
JUITY WILSON; TYLOR BUTLER
and RYAN TOMLIN,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

AO 72A
(Rev. 8/82)

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff makes the bare assertion[1] that Defendants Hemphill, Kennedy, Strickland, Evens, Wilson, Butler, and Tomlin denied him access to the law library. Plaintiff contends that Defendant Saunders did not get a camera at the time he was being taken out of his cell and placed in another unit. Plaintiff also contends that Defendant Boyett should be held liable for Saunders' refusal to get a camera. Plaintiff further contends that Defendant Parks assisted Defendant Maddison in moving him to the M-Building. Plaintiff sets forth

---

[1] Even if Plaintiff provided factual allegations revealing that these Defendants arguably denied him access to the law library, the undersigned would not permit service on these Defendants in this case. Plaintiff's claim that these Defendants denied him access to the law library are unrelated to the remaining allegations he sets forth in his Complaint. <u>See</u> FED. R. CIV. P. 20(a).

2

no factual allegations that the named Defendants are responsible for alleged violations of his constitutional rights. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to do so against these Defendants, his claims against them should be dismissed.

Plaintiff's remaining claims are addressed in an Order of even date.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915 against Defendants Hemphill, Kennedy, Strickland, Evens, Wilson, Butler, Tomlin, Saunders, Boyett, or Parks. Accordingly, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Hemphill, Kennedy, Strickland, Evens, Wilson, Butler, Tomlin, Saunders, Boyett, and Parks be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 21st day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE