ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

2006 FEB -7 PM 7: 31

CLERK
SO. DIST. OF GA.

DAVID WALKER,

  Plaintiff,

vs.

HUGH SMITH; ROBERT MADDISON, JR.; MICHAEL MOMENT; CERT Officer PARKS; Officer KUTONYA DIXON KING; Lt. SAUNDERS; Lt. BOYETT; ERIC HEMPHILL; JIMMY KENNEDY; GLENN STRICKLAND; MICHAEL EVENS; JUITY WILSON; TYLOR BUTLER and RYAN TOMLIN,

  Defendants.

CIVIL ACTION NO.: CV605-128

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. In his Objections, Plaintiff asserts that Defendant Tomlin supervises the law library to which the C.E.R.T. Team Officers are refusing Plaintiff access. Plaintiff requests an Order allowing him access to the law library without harassment. Plaintiff also requests an Order which would release him from lockdown and place him in the general population. Plaintiff contends that Defendant Smith and his assistant are aware that an incorrect disciplinary report was issued against him, but they have refused to remedy this matter. Plaintiff avers that Defendant Smith, Warden at Georgia State Prison, has been harassing him.

Plaintiff's objections are generally unresponsive to the Magistrate Judge's Report and Recommendation. Plaintiff fails to assert any direct action or conduct by Defendant

AO 72A
(Rev. 8/82)

Tomlin. Plaintiff's allegations fail to state a claim beyond a theory of respondeat superior. Prison supervisors may not be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. See Braddy v. Fla. Dep't of Labor and Empl. Sec., 133 F.3d 797, 801-02 (11th Cir. 1998).

In addition, Plaintiff's allegations regarding an incorrect disciplinary report and his request for release from lockdown are unrelated to the claims which have been served on the remaining Defendants. Rule 20(a) allows a plaintiff to join in one action "[a]ll persons . . . as defendants if there is . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff's latest contentions do not arise out of the same transaction, or series of transactions or occurrences, as the incident asserted in his original Complaint. Accordingly, Plaintiff should not be allowed to assert these claims in this case.

Plaintiff's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Claims against Defendants Hemphill, Kennedy, Strickland, Evens, Wilson, Butler, Tomlin, Saunders, Boyett, and Parks are **DISMISSED**. Plaintiff's claims against Defendants King, Maddison, Moment, and Smith remain pending.

**SO ORDERED**, this 7 day of Feb., 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)