```
                                                              FILED
                                                         U.S. DISTRICT COURT
                                                            BRUNSWICK DIV.
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA              2006 DEC 12  A 11: 39
                  STATESBORO DIVISION
                                                         CLERK  S. LaVictoire
                                                              SO. DIST. OF GA.
```

DAVID WALKER,

      Plaintiff,

vs.                                             CIVIL ACTION NO.: CV605-128

HUGH SMITH; ROBERT MADISON,
JR.; MICHAEL MOMENT, and Officer
KUTONYA DIXON KING,

      Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the following reasons, Defendants' Motion for Summary Judgment should be **DENIED** in part and **GRANTED** in part.

## STATEMENT OF THE CASE

Plaintiff alleges that on November 3, 2004, Defendant King and another officer were escorting him from sick call and that Defendant King pulled on his handcuffs, hurting his wrists and arms. (Doc. No. 1, p. 5). Plaintiff asserts that Defendant King would not stop pulling on his handcuffs, despite his pleas. Plaintiff further asserts that Defendant King issued a false disciplinary report on him and that Defendant King instructed Lieutenant Saunders to transfer Plaintiff to M-Building. Plaintiff contends that while he was being

AO 72A
(Rev. 8/82)

transported to M-Building, Defendant Madison[1] punched him in the face and Defendant Moment hit him in the jaw. (Doc. No. 1, p. 6). Plaintiff avers that Defendant Smith, the Warden at GSP, should be held liable for the alleged use of excessive force by his subordinates because he was aware of Defendant Madison's prior attack of Plaintiff and of grievances Plaintiff had filed on the issue.

Defendants King and Madison contend that they did not use any force against Plaintiff during the incident in question. (Doc. No. 32, p. 14). Defendant Moment contends that his application of force was justified by Plaintiff's "disruptive behavior, failure to follow the Officers['] orders[,] pulling away from Officer Moment, and spitting in Officer Moment's face." Defendant Smith asserts that he cannot be held liable based solely on a theory of respondeat superior. Defendants further contend that Plaintiff suffered no deprivation of a liberty interest as a result of the disciplinary report issued by Defendant King. (Doc. No. 32, pp. 21-22). Defendants also contend that even if Plaintiff was deprived of a liberty interest, his due process rights were satisfied by the proceedings at GSP relating to the disciplinary report.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might

---

[1] While he appears as "Robert Maddison" on the Court's docket, the apparent correct spelling of this party's last name is "Madison." The Clerk is hereby instructed to make the appropriate correction.

affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

AO 72A
(Rev. 8/82)

**DISCUSSION AND CITATION TO AUTHORITY**

I.   **Excessive Force**

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was applied "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

Defendants assert that the incident report, the use of force examination, and the affidavits of prison officials show that Defendants King and Madison were not involved in the use of force incident about which Plaintiff complains. (Doc. No. 32, pp. 14, 18). Defendants further assert that during the escort from Plaintiff's cell, Plaintiff exhibited disruptive and aggressive behavior and refused to comply with orders. (Doc. No. 32, p.

4

18). Defendants contend that while force was used against Plaintiff, such force was "reasonable in light of all the circumstances." (Doc. No. 32, p. 19).

Plaintiff alleges that force was used against him by Defendants King, Madison, and Moment, and that the amount of force was unnecessary and excessive. (Defs.' Exh. O, pp. 5-10). Plaintiff avers that Defendants pulled on his handcuffs and punched him repeatedly. (Id.).

Plaintiff contends that the force used against him by Defendants was unnecessary and excessive, whereas Defendants contend that their actions were reasonable and were taken in an effort to maintain discipline. Defendants have submitted their affidavits that support their factual positions, yet Plaintiff's deposition testimony and statements made in grievances on this matter create a factual dispute as to issues that are material to the outcome of Plaintiff's claims. Defendants appear to assert that because of Plaintiff's conduct on the day in question, prison officials were justified in using any amount of force that they desired. However, the issue of whether the amount of force used against Plaintiff was reasonable or whether it was excessive in light of the circumstances is a *question of fact* for a jury's consideration. Accordingly, a genuine issue of material fact exists as to whether the amount of force used on Plaintiff was reasonable or excessive. The factual dispute presented by the evidence submitted to the Court is sufficient to deny the Motion for Summary Judgment on the excessive force claim.

## II.   Respondeat Superior

In section 1983 actions, it is well established in the Eleventh Circuit that liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't</u>

AO 72A
(Rev. 8/82)

of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only where there is personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged constitutional violations. Id. at 802. "A causal connection may be established when: 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully and failed to stop them from doing so." Valdes v. Crosby, 450 F.3d 1231, 1237 (11th Cir. 2006) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

Defendant Smith asserts that he has not been made aware of any widespread physical abuse in the prison and that the Plaintiff cannot offer evidence proving otherwise. Defendant Smith submitted his affidavit in support of his assertion that he was not aware of any routine use of excessive force. (Defs.' Exh. D). Plaintiff, however, gave deposition testimony contending that Defendant Smith did have knowledge of widespread use of excessive force at Georgia State Prison and did fail to take action. (Defs.' Exh. O, pp. 16-22 ). The record also contains a grievance filed by Plaintiff complaining of a previous alleged use of excessive force, which Plaintiff alleges should have put Defendant Smith on notice of the alleged widespread abuse. (Defs.' Exh. M).

The conflicting documents submitted by the parties to create a genuine issue of material fact as to whether a causal connection exists between the actions or inactions of Defendant Smith and the alleged excessive use of force incidents that Plaintiff contends

he was subjected to at the hands of prison officials. Accordingly, Defendant Smith is not entitled to summary judgment on this issue.

III. **Due Process**

In his Complaint, Plaintiff arguably asserted a claim that his procedural due process rights were deprived by the issuance of an allegedly false disciplinary report by Defendant King. Accordingly, Defendants were served with process on that basis. (Doc. No. 10). In their Motion for Summary Judgment, Defendants allege that Plaintiff has no liberty interest that was infringed by the disciplinary report or its consequences, and that even if he did, he was afforded all the protections of due process. In his Response, Plaintiff does not refute these contentions, nor does he at all address the issue of the allegedly false disciplinary report. Plaintiff offers no evidence that creates a genuine issue of material fact on this point. In fact, Plaintiff's deposition testimony confirms that there is no issue relating to the disciplinary report to be resolved:

> Q. Now, did you sue Officer King over a disciplinary report?
> A. No, I ain't sued over no disciplinary report. She was the reason why they jumped on me.
> Q. I'm just asking.
> A. She was the reason why they jumped on me. After me and her got into it, it wasn't 30 minutes later they were in there to get me out my cell.
> Q. Did you sue anybody over a false disciplinary report?
> A. No, I ain't never sued nobody over no false disciplinary report. I got 20 years. I do not care nothing about no false disciplinary report.
> Q. I'm just asking the question.
> A. I understand. I'm just saying I don't need it. I don't need no money for no false disciplinary report.

7

(Defs.' Exh. O., p. 16). Clearly, Plaintiff has not attempted to show that his due process rights were violated. Accordingly, Defendants are entitled to summary judgment on Plaintiff's due process claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **DENIED** in part and **GRANTED** in part. Plaintiff's due process claim should be dismissed, while Plaintiff's excessive force claim should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 12th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)