IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID WALKER,

    Plaintiff,

vs.

ROBERT MADDISON, JR.;
WILLIAM AUSTIN;
MICHAEL MCGINNIS, and
MALINDA GRAHAM,

    Defendants.

CIVIL ACTION NO.: CV605-128

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In their Objections, Defendants contend that Plaintiff's deposition testimony and statements made in grievances are insufficient to create a factual dispute as to whether excessive force was used against him. According to Defendants, "Plaintiff's uncorroborated deposition testimony and prison grievances are not sufficient to establish a constitutional violation." (Doc. No. 45, p. 2). Plaintiff has also submitted Objections to the Report and Recommendation, but he does not appear to actually object to any of the Magistrate Judge's findings.[1]

---

[1] Plaintiff describes recent incidents of alleged mistreatment he has suffered at Georgia State Prison, but these matters are unrelated to the present action before this Court. Plaintiff asserts that he "do[es] not object to the Magistrate Judge Recommendation as long as the case is pending and going to trial." (Doc. No. 43, p. 1).

AO 72A
(Rev. 8/82)

Defendants assert that while they have submitted affidavits, incident reports, disciplinary reports, and documents from an Internal Affairs investigation, Plaintiff's version of the facts is supported only by his own "unsupported conclusory allegations contained in his complaint and other pleadings." (Doc. No. 45, p. 5). Defendants cite Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987), and Bennett v. Parker, 898 F.2d 1530 (11th Cir. 1990), two excessive force cases in which the Eleventh Circuit affirmed summary judgment in favor of defendant prison officials. In Brown, the Court found a prison guard justified in his use of force where "undisputed evidence" showed that the plaintiff refused to enter his cell when ordered to do so. 813 F.2d at 1189. The plaintiff presented only a "conclusory allegation" of serious injury, without supporting evidence, and thus his contention to that effect was discounted by the Court. Id. Similarly, the Bennett Court determined that the defendant was justified in his use of force because there was "undisputed evidence" that the plaintiff had created a disturbance necessitating force to restore order and discipline. 898 F.2d 1532. As in Brown, the plaintiff's claim of serious injury was found to be merely an unsupported, conclusory allegation. Id. at 1534.

The cases cited are factually dissimilar to the case *sub judice*. First, this Court is not presented with "undisputed evidence" that Plaintiff created a situation which necessitated the use of force. In Brown, the plaintiff did not dispute that a verbal altercation took place, nor did he contradict that he refused to follow orders to enter his cell. 813 F.2d 1189. In Bennett, the plaintiff pled guilty to charges of insubordination, failure to follow instructions, and disruption of the count of inmates. 898 F.2d at 1531. Thus, in both cases, the issue of whether the plaintiff exhibited certain behavior that was found to justify defendants' actions was not in dispute and there was therefore no genuine

2

issue of material fact on that point. Conversely, the parties in this case disagree as to whether Plaintiff exhibited disruptive and aggressive behavior and whether he refused to comply with orders. Defendants Moment and Parker assert that they applied force to regain control after Plaintiff cursed excessively at them, refused to comply with orders to cease such behavior, attempted to "snatch away" from them, and spit on Defendant Moment. (Doc. No. 45, p. 4). Defendants assert that in response to this behavior, they merely "grabbed his handcuffs, lifted them upwards, placed [a] hand on his back, and forced him downward onto the concrete floor," and that this application of force quelled the disruptive behavior and ended the incident. (Doc. No. 45, pp. 4-5). On the other hand, Plaintiff contends that he was attacked by Defendants Parker, Moment, and Madison, who were moving him from Building L to Building M for the sole purpose of beating him up. (Pl.'s Dep., p. 16; Defs.' Exh. N). While Defendants admit only to a brief and limited application of force to gain control of the inmate, Plaintiff describes an incident during which he was punched numerous times in the face and jaw while handcuffed. (Defs.' Exh. L, p. 22; Pl.'s Dep., pp. 6-8). Furthermore, while Defendant Moment issued a Disciplinary Report accusing Plaintiff of exhibiting the alleged disruptive behavior, the report was disposed of as "dismissed due to time lapse." (Defs.' Exh. K). Thus, Plaintiff appears to have pled and been found not guilty of the charged offenses which allegedly justified the use of force. (Id.). With regard to the issue of Plaintiff's behavior prior to the application of force, the matter is far from being established by "undisputed evidence."

Second, Defendants contend that Plaintiff's only injury resulting from the incident in question was a hematoma to the left forehead for which no treatment was prescribed, and that this injury is "more indicative of the 'routine discomfort' that is part of the penalty

3

criminal offenders pay for their offenses against society than an attack by the defendants that is 'repugnant to the conscience of mankind' . . . ." (Doc. No. 45, p. 5). Conversely, Plaintiff contends that he was initially refused medical treatment for his injuries on the morning of the incident in question. (Defs.' Exh. L, p. 23). Unlike the situation in Brown and Bennett, where the inmates had only their own bare allegations of serious injury, the record here reveals that Plaintiff was examined by medical personnel approximately forty-eight hours after the alleged use of force, and then again some five days later. (Defs.' Exh. L, pp. 48, 55, 56). Plaintiff's November 5 medical report indicates "ecchymosis (discoloration of the skin) around IM Walker's left eye, tenderness to his left inferior eye orbit, swelling and tenderness of his left face, ecchymosis upon his shoulders and redness upon his neck." (Defs.' Exh. L, pp. 48, 55). The November 10 report indicates "a small amount of ecchymosis remained under the left eye minus tenderness to the eye orbit, infection of the eye scelera (white of the eye)" and that "x-rays on 11/05/2004 indicated facial and mandible (lower jaw bone) were normal." (Defs.' Exh. L, pp. 48, 56). Both reports indicate that Plaintiff presented requesting treatment for pain resulting from an alleged altercation occurring on November 3, 2004.

It is clear that the parties dispute nearly all the essential facts of this case. As illustrated, the parties dispute: 1) whether Plaintiff exhibited disruptive behavior or failed to follow orders; 2) the need for the use of any force; 3) Defendants' intent in using force, 4) the nature and amount of force applied; and 5) the extent of the resulting injury to Plaintiff. The Court is mindful that, at this stage of the proceedings, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, 477 U.S. 242, 255. 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202

(1986) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159, 90 S. Ct. 1598, 1608-1609, 26 L. Ed. 2d 142 (1970)). Summary judgment is not appropriate where, as here, it is obvious that key questions remain unanswered by the record presently before the Court. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Defendants' Motion for Summary Judgment is hereby **DENIED**.

**SO ORDERED**, this 17 day of Jan., 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)